**[J-69-2019][M.O. - Donohue, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 3 EAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered on 9/7/18 at No. 2883 |
| | : | EDA 2016, reversing and affirming the |
| v. | : | judgment of sentence entered on |
| | : | 8/31/16 in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal Division |
| JIMEL KING, | : | at No. CP-51-CR-0007769-2015 |
| | : | |
| Appellant | : | ARGUED:  September 11, 2019 |

*CONCURRING AND DISSENTING OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  July 21, 2020**

I join Parts I and II of the majority opinion and respectfully dissent with regard to Part III, which concerns the validity of the trial court's imposition of consecutive sentences for attempted murder and conspiracy to commit aggravated assault.

On this issue, I find that the question presented is best understood as one concerning the sufficiency of the evidence, as to which issue preservation requirements pertain.  *Accord Commonwealth v. Andrews*, 564 Pa. 321, 314, 768 A.2d 309, 314 (2001).[1]  I acknowledge that I have substantial reservations about attempting to parse between a conspiracy to commit murder and one to commit aggravated assault, relative

---

[1] Appellant would seem to be aware of the waiver concern, since he styled the question presented to encompass the claim that he has been subject to an illegal sentence, which, if true, would relieve him from the issue preservation requirement.  *See Commonwealth v. King*, ___ Pa. ___, 203 A.3d 973 (2019) (*per curiam*).

to the single victim and episode, particularly where a representation made by the Commonwealth in the underlying prosecution which would seem to suggest an acknowledgement that there was only one criminal agreement. *See* Majority Opinion, *slip op.* at 34. Nevertheless, given the factual dynamic involved in these sorts of cases, the matter simply shouldn't have been raised for the first time on appeal. Moreover, I have ongoing concerns about the impact of the continued expansion of the illegal-sentence doctrine on the orderly administration of justice.

Finally, to the degree the majority opines that there can be no separate aggravated assault and attempted murder in single-victim cases, *see* Majority Opinion, *slip op.* at 37 n.19, I respectfully differ. Question of intent frequently present associated issues of timing, and scenarios in which a perpetrator sets out to and proceeds to assault a victim, only to form an intention to kill during the episode cannot be ruled out categorically. I submit, as well, that the same holds true for conspiratorial agreements, which are also fact- and time-sensitive.